OPINION
Defendant-appellant Ray C. Johnson appeals the April 27, 2000 Judgment Entry of the Stark County Court of Common Pleas which sentenced appellant on one count of possession of cocaine. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On January 28, 2000, the Stark County Grand Jury indicted appellant with one count of possession of cocaine in violation of R.C. 2925.11(A), a felony of the fifth degree. At his February 4, 2000 arraignment, appellant plead not guilty to the charge. On February 22, 2000, appellant withdrew his not guilty plea and entered a plea of guilty to the indictment. The trial court accepted appellant's plea and ordered a pre-sentence investigation. When appellant failed to appear for the sentencing hearing, the trial court issued a capias order for his arrest. After appellant had been arrested, the trial court conducted a sentencing hearing on April 24, 2000. At the hearing, the trial court noted appellant's failure to appear at the first sentencing hearing, and questioned appellant about his lack of cooperation with the probation department during the preparation of the pre-sentence investigation. Thereafter, the prosecutor read appellant's felony record, including convictions for one count of complicity to commit aggravated trafficking, a felony of the second degree; one count drug abuse, a felony of the fourth degree; and seven counts of aggravated trafficking, each felonies of the second degree. The trial court specifically found an imposition of the shortest prison term would demean the seriousness of his conduct and/or not adequately protect the public. In support of this, the trial court noted appellant's failure to appear for the sentencing hearing and his extensive felony record. The trial court also found appellant was not amenable to community control because some of appellant's previous felonies were committed while on community control. The trial court stated: Now, I can only impose the longest term on this defendant if he committed the worst form of the offense, and actually he only had two rocks on him this time so that wasn't going to be the problem. * * *
But he certainly poses a likelihood of committing future crimes. T. at 7.
The trial court supported its conclusion with appellant's prior record, his failure to cooperate with the presentence investigation, and his failure to appear at the sentencing hearing. In an April 27, 2000 Judgment Entry, the trial court imposed a twelve month prison on appellant. It is from this judgment entry appellant prosecutes this appeal, assigning the following as error:
THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE.
 I
In his sole assignment of error, appellant maintains the trial court erred in imposing the maximum sentence for a felony of the fifth degree. We disagree. R.C. 2929.14(A) provides a trial court may impose a prison term of six, seven, eight, nine, ten, eleven, or twelve months for a felony of the fifth degree. R.C. 2929.14(C), addressed the imposition of a maximum prison term: (C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section. (Emphasis added).
Notwithstanding the trial court's statements within the sentencing hearing, the April 27, 2000 Judgment Entry makes the following statement: The court finds for the reasons stated on the record pursuant to Revised Code Section 2929.14(C) that the defendant has committed the worst form of the offense and the defendant poses the greatest likelihood or [sic] recidivism. Judgment Entry at 3.
While it appears from the record the trial court supplied no reasons for its finding appellant committed the worst form of the offense, we find the trial court's finding appellant posed the greatest likelihood of recidivism was supported. Accordingly, we find the trial court's decision to impose the maximum sentence was supported by the requisite findings and the record. Appellant's sole assignment of error is overruled.
The April 27, 2000 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
Reader, V.J. Farmer, P.J. and Edwards, J. concurs